CHARLES J. SCHUCK, Judge.
Claimant’s deceased husband entered Pinecrest Sanitarium, a state institution located near Beckley, West Virginia, on or about August 29, 1943, seemingly suffering from tuberculosis; at least his affliction seems to have been so diagnosed by the medical authorities in charge of the sanitarium. About September 1, 1944, he was discharged from the said institution and thereafter entered a veterans hospital at Oteen, North Carolina, where he died on August 8, 1945. An autopsy was performed at the North Carolina hospital and in some manner, whether by correspondence or otherwise, claimant got the impression that her husband had been afflicted with silicosis, a compen-sable disease under the laws of the State of West Virginia, and that she was therefore entitled to compensation ac *179 cordingly. On or about April 10, 1946, as the widow and administratrix of her deceased husband’s estate she presented her claim to the West Virginia compensation commission, but was denied relief on the technical ground that her application had not been filed within one year after the last exposure (about August 29, 1943) as required by law, and therefore could not be considered by the commission. Subsequently, and after the workmen’s compensation appeal board had affirmed the action of the commission, she filed her claim in this court alleging, among other matters, that a wrong diagnosis had been made of her husband’s illness by those in charge of the Pinecrest sanitarium, upon which diagnosis she had reasonably relied, until after a sufficient time had elapsed to bar the workmen’s compensation commission’s jurisdiction, under section 9, article 6, chapter 23, code of West Virginia; and that therefore in equity and good conscience this court should make an award in her favor.
It will readily be appreciated that in view of the facts as heretofore recited, claimant must first show by competent evidence, certain and convincing, that her husband had been afflicted with the disease known as silicosis, and that this disease was in fact the real cause of his ailment and subsequent death. Failure to do so must, of course, be fatal to her claim as presented for our consideration. A review of claimant’s own testimony does not help us, since she had no knowledge herself as to the nature of her husband’s illness and affliction other than that he was suffering from tuberculosis as she had been informed by the doctors at Pinecrest. The testimony as to her husband’s employment during the last years of his life and his possible exposure as a miner to silicosis is likewise vague and indefinite. Doctor William Paul Elkin, a member of the West Virginia Silicosis Medical Board and an expert in radiology, having devoted the last ten years exclusively to x-ray work and having had occasion during that time or period to read and study many x-ray pictures of the *180 lungs to interpret them with reference to whether or not they disclosed silicosis, was the only other witness presented. Upon Dr. Elkin’s testimony claimant must necessarily rest her claim, and upon his testimony the claim must stand or fall. With the report and findings of the autopsy before him, as submitted by the medical officials of the North Carolina hospital and which report was offered as evidence and admitted as such during the hearing of the claim, Dr. Elkin testified (record p. 28) that the autopsy report failed to show silicosis as the cause of death or as a disease involved in the death of claimant’s husband. No testimony to the contrary was offered. Dr. Elkin seems to have carefully examined the seven different causes or findings as detailed in the autopsy report and then testified as herein set forth.
Since we must conclude, then, that the disease of silicosis was not in any manner involved in the death of claimant’s husband, we are not called upon to consider or question the diagnosis made at the Pinecrest sanitarium and must refuse to make any award to claimant in view of all the testimony, records and exhibits as submitted.
An award is denied and the claim dismissed.